In the Matter of the Application of DOMENIC ORAZIO, Appellant, for an Order of Certiorari to Review the Action of EDWARD P. MULROONEY and Others, Constituting the State Liquor Authority of the State of New York, and JAMES C. QUINN and Others, Constituting the New York City Alcoholic Beverage Control Board, Respondents, in Revoking the Restaurant Liquor License Issued to the Petitioner. — Order denying motion for an order of certiorari and a stay affirmed, with costs. No opinion. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.

In the Matter of the Judicial Settlement of the Account of Proceedings of FRANCES W. TYSEN, RUTH GIFFORD TYSEN and HENRY H. NUTT, as Executors and Trustees under the Last Will and Testament and Codicils Thereto of DAVID J. TYSEN, Deceased. HENRY H. NUTT, as Executor and Trustee, etc., of DAVID J. TYSEN, Deceased, Appellant; MARION TYSEN NUTT, and FRANCES W. TYSEN and RUTH GIFFORD TYSEN, as Executors and Trustees, etc., of DAVID J. TYSEN, Deceased, Respondents.— Appeal by an executor and trustee from portions of a decree of the Surrogate's Court of Richmond county settling the account of the executors and trustees of David J. Tysen, deceased. The notice of appeal also brings up for review certain intermediate orders. In so far as the decree removes the appellant as executor and trustee, the decree is reversed on the law and the facts, his removal revoked and the motion therefor denied, upon condition that within ten days from the entry of the order hereon the appellant file an undertaking, with corporate surety, in an amount to be determined upon the settlement of the order, conditioned for the accounting by said executor and trustee of all sums due and to become due to respondent Marion Tysen Nutt. In the event of appellant's failure to file such an undertaking, the decree in so far as it removes him as executor and trustee, is affirmed. In so far as the decree allows the appellant no commissions for his services to the estate as executor and trustee, the decree is reversed on the law and the facts and commissions are allowed to him upon the same basis as allowed to his coexecutors and trustees. In all other respects the decree is affirmed in so far as an appeal is taken therefrom. Costs, payable out of the estate, are allowed to the appellant and the respondents. The foregoing decision makes it unnecessary to review the intermediate orders enumerated in the notice of appeal. The proceeding is remitted to the Surrogate's Court for the entry of a decree in accordance herewith. The executor and trustee has failed fully to perform his duty in certain respects, but not with evil mind. Three of the four beneficiaries have forgiven him and are willing that he should continue. In a short time the trusts will have ended and there may be a friendly division of the estate. This executor and trustee is the only one intimately acquainted with the affairs of the estate. Under the circumstances the court is of the opinion that it will be proper to continue the executor and trustee upon giving a bond which will protect the beneficiary who complains against the conduct of the executor and trustee. Lazansky, P. J., Young, Hagarty, Johnston and Taylor, JJ., concur. Settle order on notice. [See ante, p. 891.]